IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

IVAN TZEKOV,                              :

    Petitioner,                       :

vs.                                       :      CIVIL ACTION 06-0602-KD-C

BILL BATEMAN, et al.,                     :

    Respondent.                       :

REPORT AND RECOMMENDATION

On September 26, 2006, Petitioner signed and placed in the mail a § 2241 petition for writ of habeas corpus, along with the $5.00 filing fee. The petition, filing fee and a letter motion from the Petitioner requesting the Court to dismiss the petition without prejudice were all received on September 29, 2006. Petitioner stated in his letter motion that he had been transferred from the Perry County Correctional Center to the "ACDC in Georgia" and would like to re-file his petition in the proper court in Atlanta, Georgia.[1] It is apparent from these filings that reached the Court on the same day, that petitioner was transferred from Alabama to Georgia between the date of signing the petition, September

---

[1] In habeas actions brought pursuant to 28 U.S.C. § 2241, jurisdiction as a general rule lies in the district of confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). Jurisdiction is determined by the district of confinement "as of the time of filing of the petition." *Patel v. U.S. Att'y Gen.*, 334 F.3d 1259, 1263 (11th Cir. 2003).

26 and the date on which it was filed, September 29, 2006.

    Under these circumstances and at petitioner's request, it is recommended that this action be dismissed without prejudice so as to afford petitioner the opportunity to file his petition in the district of confinement. Rule 41(a), Federal Rules of Civil Procedure.

    The attached sheet contains important information regarding objections to this Report and Recommendation.

    DONE this 2nd day of October, 2006.

                        s/WILLIAM E. CASSADY
                        UNITED STATES MAGISTRATE JUDGE

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.      **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a <u>de</u> <u>novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988); <u>Nettles v. Wainwright</u>, 677 F.2d 404 (5th Cir. Unit B, 1982)(<u>en</u> <u>banc</u>).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de</u> <u>novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.